Attachment A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH MALERIO
*Your full name*

**FEDERAL TORTS CLAIM ACT
COMPLAINT**

v.

Civil Action No.: 5:20-CV-185
*(To be assigned by the Clerk of Court)*

UNITED STATES OF AMERICA

( VERIFIED COMPLAINT )

[ ~~████ ████ █████~~ ]

### I.    JURISDICTION

The Court has jurisdiction over this action pursuant to: Title 28 U.S.C. Section 2671, et seq. (FTCA) and Title 28 U.S.C. Section 1346(b)(1).

### II.   PLAINTIFF

*In Item A below, place your full name, inmate number, place of detention, and complete mailing address in the space provided.*

A.    Your full name: Joseph Valerio        Inmate No.: 83257-053
Address: U.S.P Tucson, P.o.Box 24550.
Tucson, AZ 85734.

### III.  PLACE OF PRESENT CONFINEMENT

Name of
Prison/Institution: United States Penitentiary Tucson, AZ.

A.    Is this where the events concerning your complaint took place?
☐ Yes    ☒ No

*United States District Court*          7          *Northern District of West Virginia-2013*

Attachment A

If you answered "NO," where did the events occur?
U.S.P Hazelton, and FCI Hazelton in Bruceton Mills, West Virginia

IV.   PREVIOUS LAWSUITS

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?    ☐ Yes    ☒ No

B.   If your answer is "YES", describe each lawsuit in the space below. If there is more than one lawsuit, describe additional lawsuits using the same format on a separate piece of paper which you should attach and label: "IV PREVIOUS LAWSUITS"

   1.   Parties to this previous lawsuit:

      Plaintiff(s): _____
      Defendant(s): _____
      _____

   2.   Court: _____
         *(If federal court, name the district; if state court, name the county)*

   3.   Case Number: _____

   4.   Basic Claim Made/Issues Raised: _____
      _____
      _____
      _____

   5.   Name of Judge(s) to whom case was assigned: _____
      _____

   6.   Disposition: _____
         *(For example, was the case dismissed? Appealed? Pending?)*

   7.   Approximate date of filing lawsuit: _____

---

*United States District Court*          8          *Northern District of West Virginia-2013*

**Attachment A**

8.      Approximate date of disposition. Attach copies:_____._____

C.   Did you seek informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part B?
☐ Yes        ☐ No

D.   If your answer is "YES," briefly describe how relief was sought and the result. If your answer is "NO," explain why administrative relief was not sought. _____

_____

_____

_____

E.   Did you exhaust **ALL** available administrative remedies?
☐ Yes        ☐ No

F.   If your answer is "YES,", briefly explain the steps taken and attach proof of exhaustion. If your answer is "NO," briefly explain why administrative remedies were not exhausted. _____

_____

_____

_____

G.   If you are requesting to proceed in this action *in forma pauperis* under 28 U.S.C. § 1915, list each civil action or appeal you filed in any court of the United States while you were incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Describe each civil action or appeal. If there is more than one civil action or appeal, describe the additional civil actions or appeals using the same format on a separate sheet of paper which you should attach and label "G. PREVIOUSLY DISMISSED ACTIONS OR APPEALS"

1.      Parties to previous lawsuit:

Plaintiff(s): _____

Defendant(s): _____

_____

---

*United States District Court*                9                *Northern District of West Virginia-2013*

Attachment A

2.  Name and location of court and case number: _____

_____

_____

3.  Grounds for dismissal:  □ frivolous      □ malicious
    □ failure to state a claim upon which relief may be granted

4.  Approximate date of filing lawsuit: _____

5.  Approximate date of disposition: _____

V.  <u>ADMINISTRATIVE REMEDIES PURSUANT TO THE FTCA</u>

A.  Did you file an <u>FTCA Claim Form (SF-95)</u>, or any other type of written notice of your claim, with the appropriate BOP Regional Office?
    □ Yes      □ No

B.  If your answer is "YES," answer the questions below:

    1.  Identify the type of written claim you filed: _____

    2.  Date your claim was filed: _August, 1st of 2019._

    3.  Amount of monetary damages you requested in your claim:
        _Twenty-Five Million Dollars($25,000,000.00)_

    4.  If you received a written Acknowledgment of receipt of your claim from the BOP, state the:

        I.   Date of the written acknowledgment: _March, 2nd of 2020._
        ii.  Claim Number assigned to your claim: _TRT-MXR-2020-00367_

C.  If your claim involves individuals who are employed by government agencies **other than the BOP**, did you file an <u>FTCA Claim Form (SF-95)</u>, or any other type of written notice of your claim with the appropriate government agencies?    □ Yes      ☒ No   (N/A).

_United States District Court_          _10_          _Northern District of West Virginia-2013_

D.     If your answer is "YES," answer the questions below:

1.     Identify the specific government agency or agencies, including the addresses, where you filed notice of your claim:

_____

_____

_____

2.     Identify the type of written claim(s) you filed: _____

_____

3.     Date your claim(s) were filed: _____

4.     Amount of monetary damages you requested in your claim(s):

_____

5.     If you received a written Acknowledgment of receipt of your claim(s), state the:

I.     Date of the written Acknowledgment: _____

ii.    Claim Number assigned to your claim: _____

E.     If the BOP (or other government agency that received notice of your claim) either denied your claim or offered you a settlement that you did not accept, please state whether you requested reconsideration of your claim.
       ☐ Yes        ☒ No

1.     If you answered "YES," state the:

I.     Date you requested reconsideration: _____

ii.    Date the agency acknowledged receipt of your request for reconsideration: _____

---

*United States District Court*          *11*          *Northern District of West Virginia-2013*

Attachment A

## VI.    STATEMENT OF CLAIM

*State here, as **BRIEFLY** as possible, the <u>facts</u> of your case.  **You must include allegations of specific wrongful conduct as to EACH and EVERY federal employee about whom you are complaining.  Describe exactly what each federal employee did.** Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, you must number and set forth each claim in a separate paragraph. **UNRELATED CLAIMS MUST BE RAISED IN A SEPARATE CIVIL ACTION. NO MORE THAN FIVE (5) TYPED OR TEN (10) LEGIBLY PRINTED PAGES MAY BE ATTACHED TO THIS COMPLAINT.  (LR PL 3.4.4)***

CLAIM 1: KNOWING, NEGLIGENT, and RECKLESS designation and classification by DSCC staff and Case Management Coordinator (strict liability possible)

Supporting Facts:   1) At all times pertinent, JOSEPH VALERIO (Valerio) was and still is a prisoner, an adult ward in custody of Bureau of prisons(BOP) 2). BOP is an agency within the meaning of United States and is liable to be sued under Federal Tort Act.  (continued on the seperate pages).

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:
Each and every DSCC staff, CMC at U.S.P Hazelton are the responsible individuals acting under the color of federal law, as an employee of BOP; an agency of United States. Names will be provided from the recovery of FOIA.

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?    □ Yes        □ No

If your answer is "YES," please explain: _____

CLAIM 2: (Strict Liability) KNOWING, NEGLIGENT and RECKLESS General Population housing. A Violation of §522.20, §522.21, PS5290.15

GENERAL FACTS CONTINUE FROM PAGE 12.

BOP is also agency, under United States liable for the injuries, property loss and or other damages sustained by inmates under it's care throughout their incarceration. See 18 U.S.C §4042(2) and (3).

3). Valerio's Safety, Security, protection and care is responsibility of BOP throughout his incarceration.

4). For any or all injuries suffered by Valerio, BOP is the provider of medical care. Valerio has no other option to seek alternative care or otherwise.

SPECIFIC FACTS

5). The staff at Designation and Sentencing Computation Center (DSCC), Grand Prairie, Tx, who assess and enter information from the Sentencing Court, U.S.Marshals Service, U.S Probation Office about the inmate into a computer database (SENTRY), and then calculate scores, designate an inmate to an initial facility (DFCL), FAILED to place Valerio in a facility commensurate with security and program needs through an objective and consistent system of classification.

6). Particularly, the staff at DSCC, systematically and objectively failed to review Valerio's classification requirement, wantonly making the environment inherently dangerous to both Valerio and the Staff at the facility, eventually violating the order of the institute.

7). The staff at DSCC, designated Valerio to an ACTIVE-YARD U.S.P Hazelton, in a reckless and negligent manner, KNOWINGLY that he would be assaulted possibly with deadly weapons, causing serious bodily injury and or death, due to his underlying conviction.

8). The case Management Coordinator (CMC) at the U.S.P Hazelton, failed to supervise and verify Valerio's initial designation by DSCC staff at the facility, commensurate to his conviction and program needs.

9). The CMC failed to dispute Valerio's designation by the DSCC staff per his or her responsibility under Inmate Security Designation and Custody Classification P5100.8, in a NEGLIGENT and RECKLESS manner, KNOWING that, continuing the improper classification and housing Valerio at U.S.P Hazelton will result in either him assaulted with possibly deadly weapons causing serious bodily injury or death, due to his underlying conviction.

10). No Inmate with Valerio's conviction can walk an ACTIVE-YARD. The systemic failure is a strict liability under Inmate Security Designation and Custody classification by DSCC staff at Grand Prairie,Tx and CMC at U.S.P Hazelton. On August 29th, 2017, It resulted in a brutal assault on Valerio, where five inmates using lock-in-sock, shod feet and fists assaulted him, causing serious bodily injury as described in Section VII of Injuries.

PAGE 12-A.

Attachment A

Supporting Facts: Facts Listed under Claim-1, 1-9 are expressly incorporated as though fully setforth in here.

11). The staff at U.S.P Hazelton, intake screening failed to properly evaluate Valerio's conviction, review his SENTRY information, central file,

(continued on page 13-A)

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:

Each and every DSCC staff, CMC at U.S.P Hazelton, the intake staff at U.S.P Hazelton, acting under the color of federal law, as an employee of BOP: an Agency of United States are responsible Their names will be provided from the Recovery of FOIA information.

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?     ☐ Yes     ☐ No

If your answer is "YES," please explain: _____

_____

_____

_____

CLAIM 3:(Strict Liability ) : Failure of SIS and the institute correctional staff to protect Valerio.

_____

Supporting Facts: Facts Listed under Claim-1, 1-9 ; under Claim-2, 11-17 are expressly incorporated as though fully setforth in here.

19). Somehow Valerio's conviction was leaked from the intake screening process to the inmates at his unit in General Population. Because by then, his records

(Continued on PAge 13-B).

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:

The SIS staff at USP Hazelton, correctional staff. Unit-Team all of the safety and security officials acting under the color of federal law, as an employee of BOP; an agency of United States are responsible, names of such will be provided from the recovery of information sought in FOIA.

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?     ☐ Yes     ☐ No

PSI and any non-medical data prior to evaluating, if Valerio was suitable for placement in General Population. Specifically his Public Safety Factor (PSF) Code.

12). The staff at intake failed to conduct an appropriate social interview, assess his conviction, seperatee data (which included everyone in Active-Yard) and refer him to psychology staff for further screening.

13). The staff at initial psychological intake screening completely failed in their objective to identify and evaluate if Valerio was suitable for Active Yard Such as USP Hazelton.

14). The intake staff, under strict liability, failed to inform and warn Valerio that his conviction is absolutely inappropriate for the placement in General Population and if he insist and persist, he will be in imminent danger of assault, probably with dangerous weapons, which could cause serious bodily injury and or death.

15). In a manner the intake staff misrepresented and mislead Valerio to housing him in General Population.

16). The intake staff failed to accurately record information in BP-407 and BP-408 so as to assist in anyother oversight of the failures in the intake screening. Such an act was knowing, negligent and reckless.

17). The intake staff instead of Seggregating Valerio into Special Housing Unit (SHU) and alerting the DSCC, CMC and Unit Team for error in classification and Designation, housed him in General Population, NEGLIGENTLY and RECKLESSLY, KNOWING that he would be assaulted, possibly with dangerous weapons, causing him serious bodily injury and or death.

18). The failures in combined resulted in a brutal assault on Valerio with dangerous weapons (lock in sock and others) causing serious bodily injury as accounted in Section VII of the injuries.

PAGE 13-A.

relating to his underlying conviction were not on the law-library Lexis-Nexis computer, which is how usually inmates unearth convictions from.

20). In the alternative SIS and the institute failed to properly monitor any attempts made by inmates via telephone to access Valerio's underlying conviction. Because these are the only two avenues inmates have to access someone elses conviction.

21). Overall, the lapse in protecting Valerio resulted in a brutal assault on August 29th, 2017, by and use of deadly weapons to wit: lock-in-socks by five inmates, shod feet, fists etc. causing serious bodily injury as accounted in the section VII of Injuries.

22). Despite being aware of all the injuries sustained by Valerio, the institute, specially the SIS, Unit Staff and Correctional Staff failed to find and prosecute the attackers giving them free pass to assault further. That constitutes DELIBERATE failure to investigate the assault. KNOWINGLY, being NEGLIGENT and RECKLESS. The surveillance Camera's in the Unit do not need further corroboration to identifying perpetrators.

23). Inspite of all the ordeal Valerio suffered, the SIS, Unit Team and SHU Staff failed to house Valerio in a single or isolated cell in SHU. They housed him in with another active inmate, KNOWING, NEGLIGENT and in RECKLESS manner that he would be further assaulted by the inmate.

24). The failure resulted in a second assault on Valerio, resulting in further complicating his injury and psych, he earlier suffered due to August 29th, 2017 assault.

A,

**Attachment A**

If your answer is "YES," please explain: _____

_____

_____

_____

CLAIM 4: Medical Negligence, and Malpractice (Strict Liability)
Failure to provide adequate medical care and at appripriate times.

_____

Supporting Facts: Facts listed in Claim-1, Para 1-9 are expressly incorporated
as though fully setforth in here.
25). B.O.P Prison officials, viz Medical staff have a duty to provide necessary
medical care in accordance with applicable standards of care at all times.

Continued on Page 14-A

Identify each federal employee whose actions form a basis for this claim, and state
the name of the federal agency that employs each such individual:
All the Officials at USP Hazelton, Medical Staff at USP Hazelton, contractors
of Medical care used by BOP. Staff at FCI Hazelton, and Medical Staff at FCI
Hazelton. Additional names will be provided from the recovery of FOIA records.

With respect to each employee you have named above, state whether this
individual was acting within the scope of his or her official duties at the time these claims
occurred?     ☐ Yes     ☐ No

If your answer is "YES," please explain: _____

_____

_____

_____

_____

CLAIM 5: [Intentional] Infliction of Mental Distress. Failure to provide
Adequate mental care and therapy.

_____

Supporting Facts: Facts Listed in Claim-1 Para 1-9 are expressly incorporated as
though fully setforth in here.

_____

Continued on 14-B

| *United States District Court* | *14* | *Northern District of West Virginia-2013* |
|---|---|---|

The officials and the Medical staff both at USP Hazelton and at FCI Hazelton owe this duty towards Valerio.

26). After Valerio was brutally assaulted with locks-in-the-socks, and shanks by five inmates, it took the BOP officials two hours to reach the nearby medical center. There is no explaination for the wastage of those two precious hours.

27). After the evaluation of the injuries suffered, the medical staff at WVUMedicine performed hasty surgeries and operations on the facial fractures.

28). At no point in time, Valerio was offered psychological assistance for the trauma he suffered due to the brutal attack. Infact there is no psychological assistance throughout this ordeal.

29). The medical staff at WVUMedicine failed to evaluate the loss of Valerio's Hearing. The oral surgery performed fell below the applicable standards expected from medical standards.

30). As a result of that faulty oral procedure, Valerio had to go through re-fixing his facial and jaw fractures once again at USP Tucson. The pain and suffering caused due to that is wanton and the mental anguish is beyond what is necessary.

31). The psychological effect of these is not assessed as of today, complicating the medical negligence. It is already hard to record the injuries sustained post a traumatic and stressful assault. The complications compound when not assessed timely. The lack thereoff to assess the injury is negligent and reckless by the psychology staff. Valerio is in-equipped to assess the injuries on his own beyond, stating he feels deathly everyday.

32.) After the second attack at FCI Hazelton, the medical staff at BOP foolhardly ignored his injuries stating they did not see any broken bones or loss of blood. And then returned him back to unit. Valerio was already bandaged thorougly by that point. The wheelchair was slammed on his back and his ribs repeatedly. For the medical staff at FCI Hazelton to say, they don't see any injuries would be reckless, negligent and inhumane.

33). The repeated fisting on his face resulted in unknown or at least unassessable injuries to his already fractured mandibles.

34). Despite the second assault, Valerio was never provided the necessary mental care.

49.) The actions of defendants, jointly and severally, were extreme and outrageous and were performed with the intention of causing severe emotion -al distress to Valerio or with gross negligence or with reckless disregard of the consequences.

40.) Their actions clearly expose|| Valerio to hatred, contempt, ridicule and obliquy. because it depicted Valerio as this monster, who behaved in a heinous and criminal manner; the worst of worst offenders to whom no-onw should afford the dignity of being a fellow human; the scum of the humanity.

41.) That conduct was so outrageous in character and so extreme in degree as to go beyond and all possible bounds of decency and is to be regarded as astrocious. Defendant's pervertion to cause violence and injury to Valerio due to his underlying conviction is utterly intolerable in a civilized community or has place in judicial systems of comity.

42.) The fact that the conduct alleged is of law-enforcement-Officers|| and the staff to whom an indiv||dual inmate is attested the custody to protect as a ward under care, are engaging in such cruel act is demeaning to the sense of humanity and lawfulness.

43.) As a direct and proximate cause of the wrongful acts of the defendants|| Valerio has suffered extreme indignities a||d humiliations|| severe emotional distress|' mental anguish|| loss of self-respect. loss of confidence, loss of liberty within the prison system, and has been constantly held upto ridicule amongst his peers.

44.) Valerio's suffering of emotional anguish and or mental harm is of sufficient severity to be medically significant and yet the injury is not treated for.

14-B

Attachment A

Identify each federal employee whose actions form a basis for this claim, and state the name of the federal agency that employs each such individual:

All the officials at USP Hazelton, FCI Hazelton, contractors, medical staff at both the facilities combined severally as United States. Additional names will be provided from the recovery of FOIA.

With respect to each employee you have named above, state whether this individual was acting within the scope of his or her official duties at the time these claims occurred?    □ Yes    □ No

If your answer is "YES," please explain: _____

_____

_____

_____

_____

VII.   INJURY

Describe **BRIEFLY and SPECIFICALLY** how you have been injured or your property damaged and the exact nature of your damages. On August 29, 2017, upon someone from the Intake screening leaking information about Valerio's nature of conviction to the inmates at General Population Unit he was housed in 35). Five to six inmates brutally attacked Valerio with home made tools to wit: lock-in-sock, picks, shanks along with using fists and shod feet, causing life threatning and or serious bodily injury and traumatic brain injuries.

(Continued on Page 15-A

VIII.   RELIEF

State **BRIEFLY and EXACTLY** what you want the Court to do for you. *Make no legal arguments. Cite no cases or statutes.*

Plaintiff a). Demands judgment against Defendants in favor of the plaintiff. b). All his medical injuries to be cured to the extent possible. c) monetary damages for the injuries in the amount to be determined by the trier of fact, but in no event less than $1,000,000 (1 Million Dollars). d) An award of costs incurred for the suit. e) Any other and further relief that this Court may consider just and proper under the circumstances.

*United States District Court*          15          *Northern District of West Virginia-2013*

36). Valerio laid unconsious on the floor of the Unit, in the pool of blood, until the correction officers graced their presence. It took two hours for the BOP Medical Staff to assess that Valerio's injuries were out-of-their abilities to provide care. Only then they paged the nearby WVUMedical CEnter as P2 Trauma situation.

37). Valerio was still thought of as an escappe and was floorboard bound, shackled and cuffed at the arrival in the emergency ward of WVUMedicine.

38) At the emergency ward Valerio was placed on Cardiac Monitor, having intravenous access, baseline labs were drawn. After the labs obtained a primary x-ray, Valerio was sent to CT scanner for further evaluation and admitted in the hospital, as diagnosed by Dr. Paulson, Debra Jo. MD

39). The clinical impression showed **a) Subdural Hematoma (SDH), b) Depressed Skull Fracture, c) Temporal Bone Fracture, d) Scalp Lacerations, e) Zygomatic arch fractures, f) Multiple fractures of Mandible and g) Nasal Fractures.** WVUM    also    recorded defensive wounds on Valerio. But they failed to provide any of his ENT issues. Just a cursory note was made.

40). Dr. Jeffson Chung MD, performed the Open Reduction Internal Fixation (ORIF) of the madible procedure on 08/31/2017. (P56).

41). Consultation Note (CN-8) on 08/30/2017 made by Dr. Brandmier, Nocholas James MD stated that Valerio's hearing was grossly intact at first. (P61). Subsequent to that Dr Ryan, Turner MD PHD recommended ENT consultation for temporal bone fracture (P63/60). In the same CN, Dr Brandmeir also noted a brain compression and a Traumatic Brain Injury (TBI). (P63).

42). Dr Wilson, Alison MD noted reports of Sharp and Throbbing pain level 8/10 during Valerio's examination (P115).

43). At another follow-up after bilateral angle at mandible ORIF on Aug/31/2017, Dr Chung Jeffson MD noted Valerio complained of jaw pains, difficulty in chewing, opening his mouth, numbness of lips with drooling and loss of hearing. Dr Chung also noted complaints of dizziness, pain in chest, respiration and insufficient pain medication. Audiogram was performed, which showed asymmetric loss in the right side (P169). Dr. Chung reported that there is evidence of asymmetry to show loss of hearing, but noted "there is not much we can do at present" P170.

44). In Progress notes recorded by Dr Brandmeir Nocholas James, Valerio continued to report his rib and jaw pain. He complained of dizziness, off balance and constant posterior headache, loss of memory trouble eating and constant nervousness (P183).

15-A

45). Subsequently when he was moved to FCI Hazelton and assaulted by his celly the second time, using the folded wheelchair, slamming on his back his head, Valerio sought medical services assistance to evaluate his injury. The health services rediculed his injuries at the outset. He was then returned back to his SHU cell stating, "no visible injuries identified". Such conclusion without conducting a proper test, evaluating his fractures, ordering immediate x-ray or other instrumentation is reckless and negligent violating the lack of standard care, Valerio is entitled to.

46). When Valerio was transferred to USP Tucson, AZ, he had to undergo, corrective procedure and rewiring of his jaws due to the mishap identified, which was causing him disfunction of eating, and other oral functions. Thereby exposing the faulty procedure performed by WVUMH.

47.) Nearly 3 years into this ordeal, Valerio still suffers from Mandible pain, extreme hearing loss, and other natural oral function. He is still in process awaiting to obtain a mouthpiece to assist with his mouth pain and awaiting to obtain hearing aids. Due to the trauma suffered, he has no control of his balance and to rely on his cain for support. The severe back ache, leg pains, full body nerve pains and numbness in certain areas is collateral. His depression has increased in severity and there is no care that has been afforded to him. As of yet.

48.) As per the current diagnosis, Valerio's issues have now become permanent and entered into chronic stage.

15-B

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and accurate.  Title 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at USP  TUCSON,  Tucson,AZ  85734.    on July , 29th, 2021.
              (Location)                     (Date)

Your Signature

---

*United States District Court*       *16*       *Northern District of West Virginia-2013*